(772 P.2d 820)

No. 62,841

STATE OF KANSAS *ex rel.* SECRETARY, DEPARTMENT OF SOCIAL and REHABILITATION SERVICES, *Appellee,* v. JEFF AND FREEDA MADDOX, *Appellants.*

Opinion filed May 5, 1989.

*Peter Charles Rombold,* of Hoover, Schermerhorn, Edwards, Pinaire & Rombold, Chartered, of Junction City, for appellants.

*Wilma Naab,* staff attorney, and *David N. Sutton,* chief of litigation, Child Support Enforcement Program, Department of Social and Rehabilitation Services, of Topeka, for appellee.

Before RULON, P.J., DAVIS, J., and RICHARD W. WAHL, District Judge, assigned.

WAHL, J.: Jeff and Freeda Maddox appeal from an order requiring them to pay support and reimbursement to the Department of Social and Rehabilitation Services (S.R.S.) for the foster care of their child.

Upon stipulation of the appellants, their daughter was adjudicated to be a child in need of care and placed in the custody of S.R.S. Six months later, appellants filed a motion to have their daughter returned to their care. The district court denied this motion in a journal entry filed March 3, 1988.

In a separate action, on December 12, 1987, S.R.S. filed a petition for support and reimbursement for the child's foster care under K.S.A. 39-718a (repealed L. 1988, ch. 218, § 6, effective July 1, 1988). A default judgment for the requested support and reimbursement was entered on January 19, 1988. On February 2, 1988, appellants requested permission to file an answer out of

time. The district court entered a journal entry granting appellants relief from the judgment for excusable neglect and stayed the support and reimbursement order. Appellants filed their answer, and, after a hearing on March 22, 1988, the district court lifted the stay on the support and reimbursement order in a journal entry filed on August 15, 1988. This appeal followed.

The issue on appeal is whether recovery under K.S.A. 39-718a is authorized in the present case. Appellants do not dispute their duty, as parents, to support their daughter. They do contend, however, they have no obligation to reimburse S.R.S. because the statute does not apply to them. They maintain K.S.A. 39-718a authorizes S.R.S. to seek reimbursement for care paid when a parent is absent from the home and, since they both continue to reside in the family home but their child is absent, they are not absent parents. We do not agree.

Under K.S.A. 38-1512(c), the secretary of S.R.S. may recover expenses for the care and custody of a child adjudged to be in need of care. The recovery may be accomplished pursuant to K.S.A. 39-718a, which provides:

"**Liability of absent parents for assistance provided child.** In any case where assistance is provided to or for the benefit of a dependent child because a parent is absent from the home where the child resides, including aid to dependent children, medical assistance and payment of the expenses of foster care or of care and custody under the Kansas code for care of children or the Kansas juvenile offenders code, the absent parent shall be liable to repay to the secretary of social and rehabilitation services the child's portion of assistance so expended. The secretary shall have the power and authority to collect such sums by civil action brought in the name of the secretary. . . ."

This statute is implemented by K.A.R. 30-4-95, which deals with foster care payments:

"**Eligibility factors specific to the GA-FC program.** A child shall meet the eligibility requirements set forth below to be eligible for GA-FC: (a) A written order of commitment without guardianship has been issued giving the secretary care, custody, and control of the child; (b) The child is under the age of eighteen (18), or a full time student in a secondary school, or in the equivalent level of vocational or technical training; (c) The child is ineligible for ADC or ADC-FC; and (d) The child is in need."

Appellants rely upon *State ex rel. Secretary of SRS v. Castro,* 235 Kan. 704, 710, 684 P.2d 379 (1984), wherein the Court held "[a]n 'absent parent' is a parent who is not living with the child in the child's home and who has an obligation to provide support for the child." When *Castro* was decided, K.S.A. 39-718a (Ensley

1981) read in pertinent part: "In any case where assistance is given to dependent children by reason of the continued absence from the home of a parent . . . ." In *Castro*, 235 Kan. at 715, the court construed "home" to be "the place where the children reside with the custodial parent."

*Castro* was decided when 39-718a pertained only to recoupment of funds expended under the aid to dependent children program. In 1985, the statute was amended to include foster care and the language was changed to pertain to the recovery of assistance paid "because a parent is absent from the home where the child resides."

Appellants argue that, since they "have never been adjudicated to be unfit or unable to adequately care for this child," they have no obligation to pay foster care expenses. On May 19, 1987, appellants did stipulate to a finding that their daughter was a "child in need of care" pursuant to K.S.A. 38-1553 and K.S.A. 38-1556. At the adjudication hearing, the child was placed in the custody of S.R.S. for appropriate placement. Appellants were represented by counsel at that hearing.

This case evolved from the appellants' stipulation in the child-in-need-of-care case. Having consented to the determination, appellants cannot avoid the application of K.S.A. 38-1512(c), which permits S.R.S. to recover the expenses of foster care placements from the natural parents when their child is adjudicated to be in need of care. A finding of unfitness of the parents is not required.

Clearly, these parents were "absent from the home where the child resides." Such absence was brought about by their own stipulation that their daughter was "a child in need of care." Her "home" was the foster home where she resided. Her foster parents were her "custodial parents."

Affirmed.